·J. I. CASE & COMPANY, APPELLEES, v. JOHN F. SAWTELLE AND OTHERS, APPELLANTS.

**Husband and wife:** CONVEYANCE TO WIFE. One S. being indebted, conveyed his real estate to H., taking his notes therefor, there being no change in the possession of the property: A few days after receiving the deed H. conveyed to the wife of S., receiving his notes and about $100 in payment. *Held,* that H. was not a *bona fide* purchaser.

APPEAL by defendants from a decree of the district court of Clay county.   Tried below before WEAVER, J.

*T. M. Marquett,* for appellants.

*Hastings & McGintie,* for appellees.

MAXWELL, CH. J.

This is an action by a creditor of J. F. Sawtelle to set aside certain conveyances of real estate made by him, upon the ground that they were made for the purpose of defrauding creditors.

The allegations of the petition are in substance, that on the 7th day of March, 1876, a judgment was recovered in the county court of Clay county by the plaintiff against the defendant, J. F. Sawtelle, for the sum of $277.15 and costs, and attorney fees, amounting in the aggregate to the sum of $310.73; that a transcript of said judgment was thereupon filed in the office of the clerk of the district court of said county, and on the 23rd day of March, of that year, an execution was duly issued on said judgment against the property of said Sawtelle, which, on the 4th day of April, 1876, was returned wholly unsatisfied; that the debt on which the judgment was recovered was contracted on the 28th day of October, 1874, at which time said Sawtelle was the owner of lots 451, 452, 310, 311, 312, 301, 244, 245, 246, 247, 248, 249, 250, 251, 252, 688, 65 and 66 in the town of Harvard in said county, also the south ½ of the south-west ¼ of section 10, township 7, range 7; that after said debt was contracted, to-wit, on or about the 27th day of November, 1875, J. F. Sawtelle, and Addie A., his wife, conveyed the above described real estate to one Henry S. Hoover, who obtained the same without consideration, and for the purpose of hindering and

delaying creditors of said Sawtelle; that on the 15th day of December, 1875, Hoover and wife conveyed said real estate to Addie A. Sawtelle without consideration, and with the intent to hinder and delay creditors of J. F. Sawtelle; that both of the last mentioned deeds were filed for record on the 15th of December, 1875.

The prayer of the petition is to have said conveyance set aside and have the real estate in question subjected to the payment of the judgment.

The defendants in their answer deny that the deed to Hoover was made for the purpose of hindering or delaying creditors, but allege that the same was made in good faith and for a good and sufficient consideration.

The reply is a general denial. A decree was rendered in the court below in favor of the plaintiffs, from which the defendants appeal to this court.

There is but one question presented by the record, viz.: Was Hoover a *bona fide* purchaser of the real estate in question? If so, if he was a purchaser in good faith, subsequent fraudulent acts would not vitiate the purchase, although they might be considered as evidence for the purpose of showing want of good faith in making the purchase. The question of good faith must be determined from the circumstances attending the transaction. Without recapitulating the testimony in the case, it is sufficient to say that it is proved very clearly that Hoover was not a *bona fide* purchaser. He paid nothing for the property. It is true that he gave his notes payable to Sawtelle for the amount said to have been agreed upon, but a few days afterwards these notes were surrendered to him upon his executing a deed for the property in question to Addie A. Sawtelle. He was also allowed about $100 in trade. There was no change in the possession of

the property, although there seems to have been a number of buildings, including a hotel, on the lots in controversy.

The whole transaction has the appearance of a scheme to transfer the title of the property from Sawtelle to his wife, and prevent its application to the payment of his debts. As the debt was contracted before the transfer of the property, it is liable for its payment. The judgment of the district court must therefore be affirmed. We desire to call attention to the costs in the case in the district court, taxed at $188.29. But six witnesses were examined, and the amount of costs seems exorbitant, but as the items are not before us we must presume that they were properly taxed.

JUDGMENT AFFIRMED.